NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

FREDERICK C. COLLAWN, PETITIONER, v. 25 NORTH HARRISON STREET CORPORATION; AND/OR ALEXANDER ISSERMAN, INDIVIDUALLY, OR ALEXANDER ISSERMAN & SONS; OR UNITED STATES AGENCY AND/OR UNITED STATES MORTGAGE AND TITLE GUARANTY COMPANY OF NEW JERSEY, IN THE ALTERNATIVE, RESPONDENTS.

In this matter the petitioner filed formal petition against all of the named respondents in the alternative and the cases were tried together.

The case *sub judice* is extremely unusual and the testimony is largely undisputed, the only question being with and by whom was the petitioner employed on October 6th, 1930, or the time when the accident occurred.

The petitioner was employed December 15th, 1928, as a janitor by the 25 North Harrison Street Corporation and received wages of $38.25 per week—he continued in this capacity until October 6th, 1930, when, in the course of his duties, attending the oil burner in the boiler room, he slipped, both feet going from beneath him, landing on the end of his spine on the concrete floor. He sustained a severe compression fracture of the first lumbar vertebra with marked crushing of the body substance.

It is undisputed that petitioner sustained an accident arising out of and in the course of his employment and that each of the respondents had knowledge or notice within the time required by the provisions of the Workmen's Compensation act. Mr. Peter Wright, superintendent of the building

was notified immediately upon the happening of the accident while Mr. Alexander Isserman visted the injured man the following day and requested Dr. E. Tutschulte, the attending physician, to give every medical attention required.

Since this occurrence, the petitioner has been under the care of the physician; has been X-rayed and seen in consultation by various doctors. He has been and is still required to wear a special celluloid jacket for continuous support, and has been unable to do any kind of work since that time.

As was indicated before, the burden is upon the petitioner to establish employment, and I am inclined to the belief that from all the evidence and testimony adduced, the "25 North Harrison Street Corporation" was his employer, and I do so find—yet, I cannot refrain from noting that I feel very strongly that the arrangement between the "25 North Harrison Street Corporation," Alexander Isserman and the United States Mortgage and Title Guaranty Company of New Jersey, through its agent, the "United States Agency," was an ingenious plan to protect the parties involved, at the expense, perhaps, of innocent parties, and it was, to say the least, extremely difficult for the petitioner to know his real employer.

It appears from the testimony that at the time the petitioner was employed as janitor by the "25 North Harrison Street Corporation," it owned the premises in question—a large apartment house, having acquired same in 1926.

The United States Mortgage and Title Guaranty Company of New Jersey held a first mortgage on the premises in the sum of approximately $375,000, and as a result of a default in payment of interest and taxes, the United States Mortgage and Title Guaranty Company of New Jersey instituted foreclosure proceedings, about July 7th, 1928.

Pending the foreclosure proceedings, the United States Morgtage and Title Guaranty Company of New Jersey, through its agent, "United States Agency," took possession of the mortgaged premises and undertook to collect rents, although the title still remained in the "25 North Harrison Street Corporation."

On April 8th, 1930, the United States Mortgage and Title Guaranty Company of New Jersey, and Alexander Isserman, as principal stockholder of the "25 North Harrison Street Corporation," entered into an agreement which provided amongst other things, that said foreclosure suit was to continue until the sheriff's sale, and that title should be acquired by the United States Mortgage and Title Guaranty Company. A new corporation was then to be organized to take over the property from the said mortgage company, subject to mortgage in the sum of $435,000. This agreement further provided that in the event the sheriff's sale had not taken place by July 1st, 1930, that the "25 North Harrison Street Corporation" should retake the control and management of the apartment house (paragraph 16 of agreement of April 8th, 1930). This agreement was approved by the 25 North Harrison Street Corporation, and during July, 1930, the United States Mortgage and Title Guaranty Company, through its agent, the "United States Agency," relinquished the management of the premises to the 25 North Harrison Street Corporation, and that corporation through its president and agent, Alexander Isserman, collected the rents which were placed in a special account in the Fidelity Union Trust Company, opened August 5th, 1930, and from then on until after the occurrence of this accident to the petitioner, the rents were collected, placed in that account, and the employes paid by the 25 North Harrison Street Corporation, through Alexander Isserman, from the rentals collected as aforesaid.

The property was purchased at the sheriff's sale by the United States Mortgage and Title Guaranty Company of New Jersey on September 4th, 1930. The sheriff's deed is dated October 2d, acknowledged October 4th, 1930, and recorded in the register's office of Essex county, December 24th, 1930.

Notwithstanding the foreclosure proceedings, I feel that the United States Mortgage and Title Guaranty Company, through its agent, United States Agency, merely stepped in to protect its interest, and from the undisputed testimony of the

president of the 25 North Harrison Sreet Corporation, the peitioner's contract of employment has never been terminated, but rather had continued in full force and effect through the pendency of the entire proceedings.

I therefore find as a fact that the petitioner was in the employ of the 25 North Harrison Street Corporation, and on October 6th, 1930, he sustained an accident arising out of and in the course of his employment; that he is entitled to compensation at the rate of $20 per week for a period of sixty-six weeks, or from October 6th, 1930, to January 12th, 1932. Inasmuch as petitioner received his wages from October 6th, 1930, to January 15th, 1931, approximately fourteen weeks, the 25 North Harrison Street Corporation shall be allowed as credit fourteen weeks compensation to be applied on the temporary total compensation period.

I find that as a result of the accident, petitioner has sustained a permanent disability of fifty per cent. of total.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

It is further ordered that the petition filed against Alexander Isserman, individually, be and the same is hereby dismissed, and that the petition filed against Alexander Isserman & Sons be and the same is hereby dismissed, and that the petition filed against the United States Agency be and the same is hereby dismissed, and that the petition filed against the United States Mortgage and Title Guaranty Company of New Jersey, be and the same is hereby dismissed.

JOHN J. STAHL,
*Deputy Commissioner.*